**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

ARTHUR GREEN
and AMY HAMILTON,
on behalf of themselves and a class,

    Plaintiffs,

  vs.

H&R BLOCK INC.,
HRB TAX GROUP INC., and
HRB TECHNOLOGY LLC,

    Defendants.

## COMPLAINT – CLASS ACTION AND JURY DEMAND

### INTRODUCTION

1. This action seeks redress for the conduct of H&R Block Inc., and their subsidiaries, in erroneously and negligently preparing 600,000 tax returns, with the result that tax refunds were delayed up to six weeks beyond the time when they would have been paid.

2. Plaintiffs are unaware of any related cases.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §1332(d). As set forth below, the plaintiffs and defendant are of diverse citizenship. There are well over 100 class members. The amount in controversy on a classwide basis, exclusive of interest and costs, exceeds $5 million.

4. Venue and personal jurisdiction are proper because defendants do or transact business in this district, and because the events complained of occurred in this district.

### PARTIES

5. Plaintiff Arthur Green is a temporary resident of Michigan and this district. He permanently resides in South Carolina.

6. Plaintiff Amy Hamilton is a resident of Michigan and this district.

7. H&R Block Inc., is a Missouri corporation with its principal place of business

located at One H&R Block Way, Kansas City, Missouri 64105.  It does business in Michigan. Its registered agent and office is The Corporation Company, 20600 Telegraph Road, Bingham Farms, Michigan 48025.

8. H&R Block Inc. has a "Tax Services" segment of business, which it describes as follows in its annual report on SEC Form 10-K for the year ending April 30, 2012: " Our Tax Services segment is primarily engaged in providing tax return preparation and related services and products in the U.S. and its territories, Canada, and Australia. Major revenue sources include fees earned for tax preparation and related services performed at company-owned retail tax offices, royalties from franchisees, sales of tax preparation software, online tax preparation fees, fees from refund anticipation checks (RACs), fees from our H&R Block Prepaid Emerald MasterCard®, and interest and fees from Emerald Advance lines of credit (EAs). HRB Bank also offers traditional banking services including checking and savings accounts, individual retirement accounts and certificates of deposit. [¶] Assisted income tax return preparation and related services are provided by tax professionals via a system of retail offices operated directly by us or by franchisees."

9. The same report states the following with respect to the volume of H&R Block's tax business: "We, together with our franchisees, prepared 25.6 million tax returns worldwide during fiscal year 2012, compared to 24.5 million in 2011 and 23.2 million in 2010. We prepared 22.3 million tax returns in the U.S. during fiscal year 2012, up from 21.4 million in 2011 and 20.1 million in 2010. Our U.S. tax returns prepared during the 2012 tax season, including those prepared by our franchisees and those prepared and filed at no charge, constituted approximately 16% of an Internal Revenue Service (IRS) estimate of total individual income tax returns filed during the fiscal year 2012 tax season."

10. Defendant HRB Tax Group Inc.  is a Missouri corporation with its principal place of business located at One H&R Block Way, Kansas City, Missouri 64105.  It does business in Michigan.  Its registered agent and office is The Corporation Company, 20600 Telegraph Road, Bingham Farms, Michigan 48025.  It does business under the assumed name of

"H&R Block."  It participates in the furnishing of services performed by the "Tax Services" segment of H&R Block Inc.  Defendants selected such assumed name to make HRB Tax Group Inc. indistinguishable by the public from H&R Block Inc.

11. Defendant HRB Technology LLC is a limited liability company organized under Missouri law with its principal place of business located at One H&R Block Way, Kansas City, Missouri 64105.  Its registered agent and office is CT Corporation System, 120 South Central Ave., Clayton, Missouri 63105.

12. Defendants represent that "If we prepare your tax return(s), HRB Technology LLC ("HRBT"), an affiliate of HRB Tax Group Inc., will provide you technology services... in order to facilitate e-filing and other tax preparation-related technology services (collectively "Facilitation Services") on your behalf.  HRBT owns all right, title and interest in the Facilitation Services, including but not limited to, all methods, processes, content formats, designs and URLs together with any and all inventions, patents, other intellectual property rights and derivative works and improvements pertaining thereto....  Any Facilitation Services performed by HRBT shall be deemed to take place in the State of Missouri and shall be governed by the laws of the State of Missouri without regard to its or any other states' conflict of laws principles."

## FACTS – GENERAL

13. H&R Block Inc. engages in widespread broadcast, print and internet advertising.  A consistent theme of the advertising is that "all of our products come with a 100% accuracy guarantee...." (http://www.hrblock.com/lp)   One part of the H&R Block website (http://www.hrblock.com/why-hr-block/our-guarantees.html), states that "we guarantee accurate calculations."  Another page (http://www.hrblock.com/why-hr-block/advantage.html) affirms that returns would be filed with "100% Accuracy - Guaranteed."  Guarantees such as these were made by H&R Block and its subsidiaries with the intent that consumers rely upon them.

14. Plaintiffs and all other class members received and relied upon such guarantees made by defendants.

15. All tax returns prepared by H&R Block or its franchisees are prepared and

transmitted to the IRS using standard methods and software owned by HRB Technology LLC or HRB Tax Group Inc.  Franchisees were not at liberty to depart from the standard methods or software with respect to the returns they prepare. The error complained of herein was part of such standard methods and software.

16. Specifically, H&R Block Technology LLC and HRB Tax Group Inc. improperly filled out or improperly transmitted (or both) IRS Form 8863, a form used to claim educational credits, leaving a mandatory field blank.

17. Form 8863 is used to claim tax credits for qualified expenses paid to postsecondary education institutions. Credits can be claimed if a taxpayer, spouse, or a dependent was a student beginning in 2012 or the first three months of 2013. There are two education credits: the American opportunity credit and the lifetime learning credit.

18. Returns involving Form 8863 are prepared for personal, family or household purposes.

19. Information on tax returns is also used for the Free Application for Federal Student Aid, which is the basic qualifying form used for all federal student aid programs, and many state, regional and private student aid programs.

20. The error affected all returns involving Form 8863 that were filed by defendants and their franchisees before February 22, 2013.

21. In the past the IRS accepted a blank field to mean "no" on the form, but because of changes this year it required the taxpayer or tax preparer to actually enter a negative answer.

22. According to the Internal Revenue Service, about 10 percent of 6.6 million tax returns using Form 8863 were affected by the error.

23. On information and belief, based on the fact that other providers such as Turbo Tax filled out the same form correctly, the overwhelming majority of the erroneous returns were filed by H&R Block.

24. H&R Block also should have correctly filled out the form.

25. Between March 15, 2013 and March 18, 2013, H&R Block CEO Bill Cobb issued

4

the following statement:

> Let me set the record straight about the Form 8863 issue that has affected you, our valued clients: we made a mistake when the tax return was sent to the IRS. And you deserve an apology, an explanation, and to know what we're doing about it.
>
> Here's what happened: this year's tax season started later than any in history (January 30th), followed by a further delay in form 8863 not being accepted until February 14. Not good for everyone. When the IRS began accepting the form, we immediately sent your returns, with the intention of getting you your refund as quickly as possible. In our zeal to move so quickly, we missed a step. Specifically there was a disconnect in the transmission of form 8863 from our delivery system to the IRS E-file system, and this caused the delay many of you are experiencing. We fixed the transmission issue right away, but couldn't undo it for those that had already been sent.
>
> I want to make it clear that this was absolutely not the fault of your tax professional; your return was prepared accurately. This was an issue with the form transmission. This was our mistake — and I sincerely apologize. I want you to know that we hear the frustration of those impacted by this issue loud and clear, and we're working every avenue we can to get your refund to you as fast as possible.
>
> We have been and remain in daily communication with the IRS, who are doing everything they can to speedily process all returns. We know that clients are beginning to see progress, funding dates are being communicated and refunds are definitely being funded. But we also recognize that in an already delayed season, it's still not as fast as we want, and we're not letting up until every client has his or her refund.
>
> We are also committing to more frequent and regular updates with you as we have news to share, and we know we can do a better job here too.
>
> Finally, I know an apology won't put your tax refund in your hands right away, and many of you still have questions. But right now, our singular focus is to get you that refund, and we have all hands on deck to help make this right.

http://www.forbes.com/sites/kellyphillipserb/2013/03/16/hr-block-ceo-offers-apology-for-education-credit-fiasco/

26. However, defendants did not offer compensation to plaintiffs or any class member.

27. Nothing plaintiffs or any class member did could have contributed to the error, which was the sole result of the conduct of H&R Block Inc., and its subsidiaries.

28. All persons with respect to whom defendants committed the error complained of suffered pecuniary harm as a result, including:

    (a)    Amounts paid for tax preparation services performed in a substandard and negligent manner; and

    (b)    Delay in receiving refunds, with consequent loss of the time value of money.

## FACTS RELATING TO PLAINTIFFS

29. In reliance on the representation that his return would be accurately prepared and filed, plaintiff Arthur Green patronized the H&R Block office at 7103 Dixie Hwy., Clarkston, Michigan 48346, and contracted with H&R Block Tax Group Inc., and HRB Technology LLC to prepare and file an accurate tax return for 2012.

30. In reliance on the representation that her return would be accurately prepared and filed, plaintiff Amy Hamilton patronized the H&R Block office at 23000 Eureka Road, Taylor Michigan 48180, and contracted with H&R Block Tax Group Inc., and HRB Technology LLC to prepare and file an accurate tax return for 2012.

31. Plaintiffs' returns each required Form 8863.

32. Each plaintiff was entitled to a refund based on the filing of such form.

33. Plaintiffs' returns were filed and transmitted prior to February 22, 2013.

34. As a result of the errors and omissions set forth above, plaintiffs' returns were improperly filed and transmitted.

35. Plaintiffs paid for improperly-performed tax preparation services.

36. Plaintiffs are subject to delay in receiving their refunds.

## CLASS ALLEGATIONS

37. Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), plaintiffs bring this action on behalf of a class.

38. The class consists of all individuals who had returns prepared for them by H&R Block Inc. or its subsidiaries and franchisees, for the year 2012, which included Form 8863, which was filed before February 22, 2013, and where H&R Block Inc. determined that the taxpayer was entitled to a refund.

39. For purposes of Count III, the class is limited to persons filing through H&R Block offices in Michigan.

40. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 600,000 members of the class.

41. There are questions of law and fact common to the class members, which predominate over any questions that affect only individual class members. The predominant common questions include:

    (a) Whether defendants incorrectly filled out or transmitted Form 8863;

    (b) Whether the failure to fill out Form 8863 constituted a breach of contract;

    (c) Whether the failure to fill out Form 8863 was negligent;

    (d) Whether H&R Block's advertising of a guarantee of accuracy, coupled with the systematic use of erroneous software to process tax returns, is an unfair or deceptive practice; and

    (e) The appropriate relief.

42. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

43. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer class action cases.

44. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Notification of the class can be readily accomplished based on the information that H&R Block has.

## COUNT I – BREACH OF CONTRACT

45. Plaintiffs incorporate paragraphs 1-44.

46. This claim is against all defendants.

47. Defendants breached their contracts for the preparation of tax returns by making the error described herein.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and

the class members and against defendants for:

>    (1)    Appropriate damages;
>
>    (2)    Costs of suit; and
>
>    (3)    Such other or further relief as the Court deems proper.

## COUNT II – NEGLIGENCE

48.    Plaintiffs incorporate paragraphs 1-44.

49.    This claim is against all defendants.

50.    Defendants were negligent in performing professional tax preparation services for plaintiffs and the members of the class.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendants for:

>    (1)    Appropriate damages;
>
>    (2)    Costs of suit; and
>
>    (3)    Such other or further relief as the Court deems proper.

## COUNT III – MICHIGAN CONSUMER PROTECTION ACT

51.    Plaintiffs incorporate paragraphs 1-44.

52.    This claim is against all defendants.

53.    Defendants violated M.C.L. §445.903 by advertising that all H&R Block products came with a guaranty of accuracy, while using defective software and methods to file returns.

54.    M.C.L. §445.903(1) provides:

**Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:**

**...**

**(c)    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have....**

**(e)    Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of**

8

   **another....**

55. Plaintiffs are entitled to sue under M.C.L. §445.911.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendants for:

  (1) Appropriate damages;

  (2) A declaratory judgment;

  (3) Injunctive relief;

  (4) Attorney's fees, litigation expenses and costs (M.C.L. §445.911); and

  (5) Such other or further relief as the Court deems proper.

## COUNT IV – MISSOURI MERCHANDISE PRACTICES ACT

56. Plaintiffs incorporate paragraphs 1-44.

57. This claim is against HRB Technology LLC.

58. Defendant provided plaintiffs and the class members with "merchandise" as defined in the Missouri Merchandise Practices Act, R.S.Mo. §407.010, which defines "merchandise" to include "any objects, wares, goods, commodities, intangibles, real estate or services."

59. Defendant violated R.S.Mo. §407.020, which provides that "the act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in [R.S.Mo. §407.453], in or from the state of Missouri, is declared to be an unlawful practice...."

60. Defendant engaged in deception, false promise, misrepresentation, unfair practice, and omission of material facts by supplying defective services while advertising that such services had guaranteed accuracy.

61. Plaintiffs are entitled to sue under R.S.Mo. §407.025.

62.     Plaintiffs and each class member suffered an ascertainable loss of money as a result of defendant's conduct.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendant for:

    (1)    Appropriate damages;

    (2)    Injunctive relief;

    (3)    Attorney's fees, litigation expenses and costs; and

    (4)    Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiffs respectfully demand a trial by jury.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP PLC

By:    s/ Adam G. Taub
        Adam G. Taub (P48703)
        17200 West 10 Mile Road, Suite 200
        Southfield, Michigan 48075
        Phone: (248) 746-3790
        Email: adamgtaub@clgplc.net

EDELMAN COMBS
LATTURNER & GOODWIN LLC

By:    s/ Daniel A. Edelman
        Daniel A. Edelman
        Cathleen M. Combs
        Thomas E. Soule
        120 South LaSalle Street, Suite 1800
        Chicago, Illinois 60603
        Phone: (312) 739-4200
        Fax:   (312) 419-0379
        Email: courtecl@edcombs.com

Attorneys for Plaintiffs