# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
_____

| | | |
|---|---|---|
| ARTHUR GREEN, AMY HAMILTON, BROOKE GREENWOOD, JULIE and KEVIN WILEY, SHALENE SHELLENBARGER, DARYL E. LEWIS II, MELISSA and IAN ANDERSON, JENNIFER and CHRISTOPHER TOWNSELL, LATISHA JOHNSON, PAULANNA and NICHOLAS DIAMANTI, ANGELA and RAYMOND MORRISON, and RACHELLE and NIGEL GAYLE, on behalf of themselves, a class, and several subclasses, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 4:13-cv-11206-MAG-MJH<br><br>Judge Mark A. Goldsmith |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| H&R BLOCK INC., HRB TAX GROUP INC., and HRB TECHNOLOGY LLC, | ) ) ) | |
| Defendants. | | |

## DEFENDANT H&R BLOCK, INC.'S
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant H&R

Block, Inc. respectfully moves this Court to dismiss it from this action for lack of

personal jurisdiction. As grounds for this Motion, H&R Block, Inc. states that its

activities in and contacts with Michigan are insufficient to permit this Court to

exercise personal jurisdiction over H&R Block, Inc. under the Michigan long-arm statutes, Mich. Comp. Laws §§ 600.711, 600.715, or the Due Process Clause.  The factual and legal bases for this Motion are set forth fully in (1) a Memorandum in Support of Defendant H&R Block, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction; and (2) the Declaration of Scott W. Andreasen, filed contemporaneously herewith.

Pursuant to Local Civil Rule 7.1(a), H&R Block, Inc. has conferred with Plaintiffs' counsel in an effort to obtain concurrence, but Plaintiffs oppose dismissing H&R Block, Inc. from the case.

Dated:      July 3, 2013

Respectfully submitted,

/s/ Jonathan F. Jorissen
Daniel P. Malone (P29470)
malone@butzel.com
Jonathan F. Jorissen (P71067)
jorissen@butzel.com
BUTZEL LONG
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI  48304
(248) 258-1616


Attorneys for Defendant
H&R Block, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2013, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to:

Adam G. Taub
17200 West 10 Mile Road, Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

Daniel A. Edelman
Cathleen M. Combs
Thomas E. Soule
120 South LaSalle Street, Suite 1800
Chicago, IL 60603
Phone: (312) 739-4200
Email: courtecl@edcombs.com

Attorneys for Plaintiffs

/s/ Jonathan F. Jorissen
Daniel P. Malone (P29470)
malone@butzel.com
Jonathan F. Jorissen (P71067)
jorissen@butzel.com
BUTZEL LONG
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI  48304
(248) 258-1616

Attorneys for Defendant
H&R Block, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

_____

ARTHUR GREEN, AMY
HAMILTON, BROOKE
GREENWOOD, JULIE and KEVIN
WILEY, SHALENE
SHELLENBARGER, DARYL E.
LEWIS II, MELISSA and IAN
ANDERSON, JENNIFER and
CHRISTOPHER TOWNSELL,
LATISHA JOHNSON, PAULANNA
and NICHOLAS DIAMANTI,
ANGELA and RAYMOND
MORRISON, and RACHELLE and
NIGEL GAYLE, on behalf of
themselves, a class, and several
subclasses,

                Plaintiffs,

      v.

H&R BLOCK, INC., HRB TAX
GROUP INC., and HRB
TECHNOLOGY LLC,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 4:13-cv-11206-MAG-
MJH

Judge Mark A. Goldsmith

_____

## <u>MEMORANDUM IN SUPPORT OF DEFENDANT H&R BLOCK, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>

## <u>ISSUES PRESENTED</u>

I.      Whether general jurisdiction may be exercised over H&R Block, Inc. in

Michigan, given that H&R Block, Inc. is a holding company incorporated in

Missouri with no employees, offices, or facilities in Michigan, and has not

consented to jurisdiction?


II.     Whether specific jurisdiction may be exercised over H&R Block, Inc. in

Michigan, given that H&R Block, Inc. did not prepare the tax returns in

question, did not transmit the tax returns to the IRS, and had no dealing with

Plaintiffs?

# TABLE OF CONTENTS

**Page**

Table of Authorities ......................................................................... iii

INTRODUCTION ................................................................................1

FACTUAL BACKGROUND ...............................................................2

I.     H&R BLOCK, INC. IS A MISSOURI CORPORATION WITH
        INSUFFICIENT MICHIGAN CONTACTS ...............................................2

II.    CONTACTS OF HRB TAX GROUP, INC. AND HRB TECHNOLOGY
        LLC CANNOT BE IMPUTED TO H&R BLOCK, INC............................3

III.   H&R BLOCK, INC. HAD NO INVOLVEMENT WITH PLAINTIFFS'
        TRANSACTIONS ....................................................................................4

ARGUMENT.........................................................................................5

I.     STANDARD FOR MOTION TO DISMISS UNDER FED. R. CIV. P.
        12(B)(2) ...................................................................................................5

II.    STATUTORY AND CONSTITUTIONAL REQUIREMENTS FOR
        PERSONAL JURISDICTION ...................................................................6

III.   H&R BLOCK, INC. IS NOT SUBJECT TO GENERAL
        JURISDICTION IN MICHIGAN .............................................................7

IV.   H&R BLOCK, INC. IS NOT SUBJECT TO SPECIFIC
        JURISDICTION IN MICHIGAN .............................................................8

        A.  H&R Block, Inc. Is Not Subject To Limited Personal Jurisdiction
            Under the Michigan Long-Arm Statute .................................................8

        B.  Exercising Personal Jurisdiction In This Case Would Violate
            Constitutional Due Process Requirements.............................................10

Page

V.    THE CONTACTS OF HRB MAY NOT BE IMPUTED TO H&R
      BLOCK, INC. FOR PURPOSES OF PERSONAL JURISDICTION........13

CONCLUSION .................................................................................14

# TABLE OF AUTHORITIES

**Page**

CASES

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985)................................................................7, 11

*Calphalon Corp. v. Rowlette,*
    228 F.3d 718 (6th Cir. 2000)......................................................6, 10

*Celsi v. H&R Block, Inc.,*
    No. DR081255 (Cal. Super. Ct. Apr. 14, 2010)................................5

*Conn v. Zakharov,*
    667 F.3d 705 (6th Cir. 2012).............................................................7

*Dean v. Motel 6 Operating L.P.,*
    134 F.3d 1269 (6th Cir. 1998).................................................7, 11-14

*Harris v. Option One Mortgage Corp.,*
    261 F.R.D. 98 (D.S.C. 2009).......................................................... 4-5

*Helicopteros Nacionales de Colombia v. Hall,*
    466 U.S. 408 (1984).......................................................................6-7

*Hoffman Ventures v. Essex LLC,*
    02 CH 20211 (Ill. Cir. Ct. Jul. 22, 2005) ..........................................5

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310 (1945)........................................................................11

*Kerry Steel v. Paragon Indus., Inc.,*
    106 F.3d 147 (6th Cir. 1997).........................................................6-7

*LAK, Inc. v. Deer Creek Enters.,*
    885 F.2d 1293 (6th Cir. 1989).........................................................12

*MacDonald v. Navistar Int'l Transp. Corp.,*
    143 F. Supp. 2d 918 (S.D. Ohio 2001)...........................................13

*Moore v. I.Q. Data Int'l, Inc.,*
    No. 11-15293, 2012 WL 1712607 (E.D. Mich. May 15, 2012) .........6

*PTG Logistics, LLC v. Bickel's Snack Foods, Inc.*,
   196 F. Supp. 2d 593 (S.D. Ohio 2002) ............................................................13

*Revenue Realization LLC v. H&R Block, Inc.*,
   No. 11 C 85, 2011 WL 1364066 (N.D. Ill. Apr. 11, 2011) .................................5

*Sayabath v. Invesco Ltd., Inc.*,
   No. 34-2009-00066011 (Cal. Super. Ct. Jul. 7, 2011) ......................................5

*Schwartz v. Elec. Data Sys., Inc.,*
   913 F.2d 279 (6th Cir. 1990).............................................................................13

*Tomlinson v. H&R Block, Inc.*,
   151 F. App'x 655 (10th Cir. 2005)......................................................................4

*Weller v. Cromwell Oil Co.*,
   504 F.2d 927 (6th Cir. 1974) ......................................................................... 5-6


**STATUTES**

Mich. Comp. Laws § 600.711 ............................................................................7

Mich. Comp. Laws § 600.715 ....................................................................... 8-10

Mich. Comp. Laws § 600.715(1) .......................................................................9

Mich. Comp. Laws § 600.715(2) .......................................................................9

Mich. Comp. Laws § 600.715(3) .......................................................................9

Mich. Comp. Laws § 600.715(5) .....................................................................10


**OTHER AUTHORITIES**

FED. R. CIV. P. 12(B)(2)....................................................................................5

## INTRODUCTION

Plaintiffs' core allegation in this case is that the actions or inactions of Defendants, with respect to IRS Form 8863 and Plaintiffs' claim for tax credits for qualified expenses paid to postsecondary education institutions, caused a delay in Plaintiffs' receipt of their federal tax refund.  Plaintiffs filed this action against H&R Block, Inc.; HRB Tax Group, Inc.; and HRB Technology LLC.  The Second Amended Class Action Complaint ("Complaint") purports to state claims for Breach of Contract (Count I), Negligence (Count II), State Consumer Statutes (Count III), and Missouri Merchandise Practices Act (Count IV).  Defendant H&R Block, Inc. now moves to dismiss for lack of personal jurisdiction.[1]

H&R Block, Inc. did not prepare the tax returns in question, did not transmit the tax returns to the IRS, and had no dealings with Plaintiffs.  Indeed, H&R Block, Inc. has no significant contacts with Michigan.  H&R Block, Inc., a Missouri corporation with its principal place of business in Kansas City, Missouri, is a holding company that does not engage in the preparation of tax returns in

---

[1] Defendants HRB Tax Group, Inc. and HRB Technology LLC do not challenge the Court's personal jurisdiction over them.  However, as explained further in Defendants HRB Tax Group, Inc. and HRB Technology LLC's Motion to Compel Arbitration and Stay the Case, filed concurrently, Plaintiffs Ian and Melissa Anderson and Rachelle and Nigel Gayle expressly agreed to binding individual arbitration and thus this Court is not the appropriate forum for resolution of their claims.  The remaining named Plaintiffs timely opted out of their arbitration agreements and Defendants HRB Tax Group, Inc. and HRB Technology LLC do not seek to compel them to arbitration.

Michigan or elsewhere.  It has no employees, offices, or facilities in Michigan.  It does not supply tax preparation services in Michigan, and it has not engaged in any activity that would cause it to anticipate being haled into a Michigan court.

In short, H&R Block, Inc.'s lack of contacts with Michigan requires that it be dismissed for lack of personal jurisdiction.

## FACTUAL BACKGROUND

I.    **H&R BLOCK, INC. IS A MISSOURI CORPORATION WITH INSUFFICIENT MICHIGAN CONTACTS**

As a corporate entity, H&R Block, Inc. has no connections to Michigan that would subject it to personal jurisdiction in this case.  H&R Block, Inc. is a corporation organized on July 27, 1955, under the laws of Missouri with its principal place of business in Kansas City, Missouri.  *See* Ex. 1, Declaration of Scott W. Andreasen ("Andreasen Decl."), ¶ 3.  H&R Block, Inc. is a holding company that is the ultimate parent entity to 66 other separate, legally distinct entities in the H&R Block corporate family.  *Id.* ¶ 3.  H&R Block, Inc. conducts no business with tax clients directly.  *Id.* ¶ 4.  H&R Block, Inc. has indirect subsidiaries that deliver tax, banking, and related services.  *Id.*

H&R Block, Inc. is not incorporated under the laws of Michigan.  *Id.* ¶ 7. H&R Block, Inc. is not authorized to do business in Michigan; the only state in which it is authorized to do business is Missouri.  *Id.* ¶ 6.

2

H&R Block, Inc. should not reasonably be expected to be haled into a

Michigan court for Plaintiffs' allegations.  H&R Block, Inc. does not (1) supply tax

preparation services; (2) have any offices or facilities located in Michigan, *id.* ¶ 8;

(3) have employees stationed in Michigan, *id.* ¶ 9;  (4) have any bank accounts in

Michigan, *id.* ¶ 10; or (5) lease or own any real property in Michigan, *id.* ¶ 11.  No

H&R Block, Inc. registered agent for service of process is located in Michigan.  *Id.*

¶ 12.

## II.    CONTACTS OF HRB TAX GROUP, INC. AND HRB TECHNOLOGY LLC CANNOT BE IMPUTED TO H&R BLOCK, INC.

HRB Tax Group, Inc. and HRB Technology LLC (collectively, "HRB") are

both indirect, wholly-owned subsidiaries of H&R Block, Inc.  *Id.* ¶ 5.  They are

separate from and legally independent of H&R Block, Inc.  *Id.*  Specifically, (1) all

corporate formalities between H&R Block, Inc. and HRB are properly observed;

(2) H&R Block, Inc. has a separate board of directors; (3) H&R Block, Inc. does

not pay the salaries of any employee of any of its direct or indirect subsidiaries;

and (4) H&R Block, Inc. does not control the day-to-day management or

operational activity of HRB.  *Id.*  H&R Block, Inc. is related to HRB only in its

capacity as an indirect parent corporation in accordance with the applicable laws

and articles of incorporation and bylaws.  *Id.*

Those offices in Michigan that bear the name "H&R Block" are neither owned nor operated by H&R Block, Inc.  *Id.* ¶ 13.  Rather, the mark, "H&R Block" is a federally registered service mark owned by an H&R Block, Inc. indirect subsidiary.  *Id.*  The mark is licensed for use by other indirect subsidiaries and third party licensees, such as independent franchises.  *Id.*

H&R Block, Inc. does not own, develop, or place any "H&R Block" advertisements and does not conduct any marketing in Michigan.  *Id.* ¶ 14.

## III.   H&R BLOCK, INC. HAD NO INVOLVEMENT WITH PLAINTIFFS' TRANSACTIONS

No employee or agent of H&R Block, Inc. was involved in the transactions that are the subject of the Plaintiffs' Complaint.  *Id.* ¶ 15.  H&R Block, Inc. did not prepare or transmit Plaintiffs' tax returns or the tax returns of any members of the proposed class.  *Id.* ¶ 16.

In short, H&R Block, Inc. does not have systematic and continuous contacts with the state of Michigan that would confer personal jurisdiction over it, nor did it have any involvement with the transactions at issue in this case.[2]

---

[2] Moreover, other courts that have reviewed these facts have confirmed that H&R Block, Inc. is not subject to general jurisdiction outside of Missouri, its home state.  *See, e.g.*, *Tomlinson v. H&R Block, Inc.*, 151 F. App'x 655, 659 (10th Cir. 2005) (dismissing class-action claims against H&R Block, Inc. for lack of personal jurisdiction in Oklahoma, noting that www.hrblock.com clearly states that H&R Block, Inc. is a holding company and has no employees; all goods and services offered on the website were offered by subsidiaries of H&R Block, Inc. and not H&R Block, Inc.); *Harris v. Option One Mortgage Corp.*, 261 F.R.D. 98, 109–11

## ARGUMENT

Because H&R Block, Inc. did not have any part in the transactions at issue in this case, and because it has no contacts whatsoever with Michigan that would cause it to anticipate being haled into a Michigan court, the Complaint should be dismissed against H&R Block, Inc. for lack of personal jurisdiction.

### I.   STANDARD FOR MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(2)

Federal Rule of Civil Procedure 12(b)(2) permits a party to move for dismissal of an action based on lack of personal jurisdiction.  Plaintiffs have the burden to prove that the Court has personal jurisdiction.  *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974).  When the issue of personal jurisdiction is decided on the basis of pleadings and affidavits alone, the plaintiff must make a

---

(continued…)

(D.S.C. 2009) (granting H&R Block, Inc.'s motion to dismiss for lack of personal jurisdiction because H&R Block, Inc. did not have sufficient minimum contacts with South Carolina, H&R Block, Inc. was not involved with transactions at issue, and there was no adequate basis to pierce the corporate veil); *Revenue Realization LLC v. H&R Block, Inc.*, No. 11 C 85, 2011 WL 1364066 (N.D. Ill. Apr. 11, 2011) (confirming oral order granting H&R Block, Inc.'s motion to dismiss for lack of personal jurisdiction on grounds that it was holding company with no Illinois contact supporting being haled into court); *Sayabath v. Invesco Ltd., Inc.*, No. 34-2009-00066011 (Cal. Super. Ct. Jul. 7, 2011) (granting H&R Block, Inc.'s motion to quash service of summons and complaint for lack of personal jurisdiction) (attached as Ex. 2); *Celsi v. H&R Block, Inc.*, No. DR081255 (Cal. Super. Ct. Apr. 14, 2010) (granting H&R Block, Inc.'s motion to quash service of process for lack of personal jurisdiction) (attached as Ex. 3); *Hoffman Ventures v. Essex LLC*, No. 02 CH 20211 (Ill. Cir. Ct. Jul. 22, 2005) (granting H&R Block, Inc.'s motion to dismiss for lack of personal jurisdiction) (attached as Ex. 4).

prima facie showing of personal jurisdiction. *Kerry Steel v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997).  In the face of a properly supported motion for dismissal, the plaintiff "may not rest upon allegations or denials in his pleadings but his response by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction." *Weller*, 504 F.2d at 929–30.  Plaintiffs must establish with "reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Moore v. I.Q. Data Int'l, Inc.*, No. 11-15293, 2012 WL 1712607, at *1 (E.D. Mich. May 15, 2012).

## II.   STATUTORY AND CONSTITUTIONAL REQUIREMENTS FOR PERSONAL JURISDICTION

"The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000).  Moreover, personal jurisdiction may be either general or specific.  Generally speaking, general jurisdiction "depends on a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims." *Kerry Steel*, 106 F.3d at 149 (emphasis added).  "Specific jurisdiction . . . exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Id.* (quoting *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15, nn.8–10

(1984)).  Even if a basis for jurisdiction existed under the Michigan long-arm

statute, the Court must also examine whether constitutional due process

requirements are met under the following three factors:

> First, the defendant must purposefully avail himself of the privilege of
> acting in the forum state or causing a consequence in the forum state.
> Second, the cause of action must arise from the defendant's activities
> there.  Finally, the acts of the defendant or consequences caused by
> the defendant must have a substantial enough connection with the
> forum state to make the exercise of jurisdiction over the defendant
> reasonable.

*Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273 (6th Cir. 1998).  "Deciding

whether jurisdiction exists is not an idle or perfunctory inquiry; due process

demands that parties have sufficient contacts with the forum state so that it is fair

to subject them to jurisdiction."  *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir.

2012) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

## III.   H&R BLOCK, INC. IS NOT SUBJECT TO GENERAL JURISDICTION IN MICHIGAN

To establish general jurisdiction over H&R Block, Inc., a corporation,

Plaintiffs must show that H&R Block, Inc. is either (1) incorporated under the laws

of the state; (2) consents to jurisdiction; or (3) has "continuous and systematic"

contacts with Michigan.  *See* Mich. Comp. Laws § 600.711; *see also Kerry Steel*,

106 F.3d at 149.  As established by the concurrently filed Declaration of Scott W.

Andreasen, H&R Block, Inc. is a Missouri holding company with no significant

Michigan contacts, nor is it incorporated under the laws of Michigan.  *See*

7

*generally* Ex. 1, (Andreasen Decl.).  Moreover, H&R Block, Inc. has not consented

to jurisdiction.  On these facts, there can be no general personal jurisdiction.

## IV.   H&R BLOCK, INC. IS NOT SUBJECT TO SPECIFIC JURISDICTION IN MICHIGAN

### A.   H&R Block, Inc. Is Not Subject To Limited Personal Jurisdiction Under The Michigan Long-Arm Statute.

To establish limited personal jurisdiction over H&R Block, Inc., Plaintiffs

have the burden of proof to demonstrate that the actions of H&R Block, Inc. meet

one of the five bases for exercising personal jurisdiction under the Michigan long-

arm statute, Mich. Comp. Laws § 600.715.  Under the Michigan statute, limited

personal jurisdiction may be exercised over a corporation concerning claims

"*arising out* of the act or acts which create any of the following relationships" with

the state:

> (1) The transaction of any business within the state.

> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.

> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.

> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

Mich. Comp. Laws § 600.715 (emphasis added).  Because no provision of the Michigan long-arm statute is applicable to this case, the Court's exercise of personal jurisdiction over H&R Block, Inc. is inappropriate.

The uncontroverted Declaration of Scott W. Andreasen demonstrates that none of these enumerated bases for personal jurisdiction apply to H&R Block, Inc. First, H&R Block, Inc. does not engage in the business of tax preparation in Michigan (or anywhere else).  *See* Mich. Comp. Laws § 600.715(1).  H&R Block, Inc. is a Missouri corporation with its principal place of business in Missouri.  *See* Ex. 1, (Andreasen Decl.), ¶ 3.  It is a holding company that conducts no business with tax clients directly. *Id.* ¶¶ 3-4.  H&R Block, Inc. is not even authorized to do business in Michigan.  *Id.* ¶ 6.

Second, H&R Block, Inc. has not done any act, or caused any act to be done, or consequences to occur in Michigan, that result in an action for any of Plaintiffs' allegations.  *See* Mich. Comp. Laws § 600.715(2).  H&R Block, Inc. is simply a holding company that is the ultimate parent entity to 66 other separate, legally distinct entities in the H&R Block corporate family.  *See* Ex. 1, (Andreasen Decl.), ¶ 3.  H&R Block, Inc. does not control the day-to-day management or operational activity of HRB. *Id.* ¶ 5.

Third, H&R Block, Inc. does not own, use, or possess any real or tangible personal property in Michigan.  *See* Mich. Comp. Laws § 600.715(3); Ex. 1,

(Andreasen Decl.), ¶¶ 8-11, 13.  Indeed, it has no employees, offices, or facilities in Michigan.  Ex. 1, (Andreasen Decl.), ¶ 8-9.

Finally, H&R Block, Inc. does not supply tax preparation services.  *See* Mich. Comp. Laws § 600.715(5).  Therefore, Michigan's long-arm statute similarly fails to provide a basis for personal jurisdiction.

None of the enumerated bases for personal jurisdiction under the Michigan long-arm statute applies to H&R Block, Inc., and Plaintiffs cannot show that H&R Block, Inc.'s conduct falls within any of the statute's categories, nor do they satisfy their burden to show that their claims against H&R Block, Inc. "aris[e] out of" such conduct.  Mich. Comp. Laws § 600.715.

### B.   Exercising Personal Jurisdiction In This Case Would Violate Constitutional Due Process Requirements

Because the Michigan long-arm statute does not permit jurisdiction over H&R Block, Inc., the Court need not consider whether the Due Process Clause could.  *See Calphalon Corp.*, 228 F.3d at 721 ("The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements.").  However, even assuming *arguendo* that the Michigan long-arm statute would permit the exercise of personal jurisdiction over H&R Block, Inc., the Due Process Clause does not.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'"  *Burger King Corp.*, 471 U.S. at 471–72 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).  "By requiring that individuals have fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign . . . the Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."  *Id.* at 472 (citations and quotations omitted).

Under the Sixth Circuit's three-prong test, Plaintiffs must first show that H&R Block, Inc. "purposefully avail[ed] itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws."  *Dean*, 134 F.3d at 1273.  Purposeful availment is the *sine qua non* of personal jurisdiction.  *Id.*  The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts…or of the unilateral activity of another party or a third person."  *Burger King Corp.*, 471 U.S. at 475 (quotations omitted).  The Declaration of Scott W. Andreasen demonstrates that H&R Block, Inc. has not purposefully availed itself of acting in or causing a consequence in Michigan,

11

therefore the first prong of the Sixth Circuit's personal jurisdiction due process analysis fails.  *See generally* Ex. 1, (Andreasen Decl.).

The remaining prongs suffer the same deficiencies.  The second factor requires that "the cause of action must . . . have a substantial connection with the defendant's in-state activities."  *Dean*, 134 F.3d at 1275 (quotations omitted). "[W]hen the operative facts of the controversy are not related to the defendant's contact with the state . . . the cause of action does not arise from that contact."  *Id*. As discussed above with respect to Michigan's long-arm statute, the alleged causes of action in this case do not "arise from" any activities of H&R Block, Inc. in Michigan.  Because Plaintiffs have no evidence of *any* activities by H&R Block, Inc. in Michigan, the causes of action necessarily have no connection to non-existent activities.  For the same reasons, any alleged actions of H&R Block, Inc. do not have a substantial enough connection with Michigan to render personal jurisdiction reasonable.

Where just one prong of the jurisdictional test fails, the court may not exercise personal jurisdiction over the defendant.  *See LAK, Inc. v. Deer Creek Enters*., 885 F.2d 1293, 1303 (6th Cir. 1989) ("[E]ach criterion represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked.").  Here, all three fail and the Court should thus dismiss all claims against H&R Block, Inc.

## V.   THE CONTACTS OF HRB MAY NOT BE IMPUTED TO H&R BLOCK, INC. FOR PURPOSES OF PERSONAL JURISDICTION

Because the Court lacks personal jurisdiction over H&R Block, Inc. based on its own lack of contacts with Michigan, Plaintiffs may seek to argue that the contacts of HRB in Michigan can be imputed to H&R Block, Inc. for purposes of personal jurisdiction.  Plaintiffs would be wrong.  "[A] company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction."  *Dean*, 134 F.3d at 1274.  Instead, Plaintiffs "must provide sufficient evidence for [the Court] to conclude that [H&R Block, Inc.] is being brought into court for something that it has done, not for something that [HRB has] done."  *Id*.  There must be "overt actions" connecting H&R Block, Inc. to the forum state.  *Id*.

The "Sixth Circuit has made clear . . . that as long as the formal separation of a parent and subsidiary is maintained, the two corporations must be regarded as separate for the purpose of federal court jurisdiction."  *PTG Logistics, LLC v. Bickel's Snack Foods, Inc.*, 196 F. Supp. 2d 593, 602 (S.D. Ohio 2002) (citing *Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279, 283 (6th Cir. 1990)); *see also MacDonald v. Navistar Int'l Transp. Corp.*, 143 F. Supp. 2d 918, 924 (S.D. Ohio 2001) ("[T]he mere fact that a parent company has a wholly-owned subsidiary in the forum state does not render the parent company subject to personal jurisdiction of the courts therein. . . .  So long as the parent corporation and its subsidiary

maintain separate and distinct corporate entities, the presence of one in a local forum may not be attributed to the other.") (quotations omitted).

Plaintiffs have not alleged any lack of formal separation between H&R Block, Inc. and HRB, nor that H&R Block, Inc. controlled the alleged decisions and actions made by HRB in this case.  Therefore, for the purposes of jurisdiction, H&R Block, Inc. and HRB must be regarded as separate entities, and Plaintiffs have failed to provide a sufficient basis to subject H&R Block, Inc. to personal jurisdiction in this Court.

There is no evidence that H&R Block, Inc. has taken any actions relating to Michigan and this case beyond merely owning certain subsidiaries as an indirect parent holding company.  As established by the Declaration of Scott W. Andreasen, HRB are separate and legally independent indirect subsidiaries of H&R Block, Inc.  *See* Ex. 1, (Andreasen Decl.), ¶ 5.  H&R Block, Inc. does not control the day-to-day management or operational activity of HRB.  *Id*.  All corporate formalities between H&R Block, Inc. and HRB are properly observed.  *Id*.  H&R Block, Inc. has a separate board of directors.  *Id.*  H&R Block, Inc. does not pay the salary of any employee of HRB.  *Id.*

## CONCLUSION

H&R Block, Inc. does not have sufficient ties to Michigan to subject it to personal jurisdiction in this case.  It is merely a Missouri holding company that

14

conducts no business with tax clients such as Plaintiffs.  Neither the Michigan

long-arm statute nor constitutional due process permits the Court to exercise

personal jurisdiction over H&R Block, Inc.  Accordingly, H&R Block, Inc.

respectfully requests that the Court grant its Motion to Dismiss.


Dated:        July 3, 2013                    Respectfully submitted,

                                              /s/ Jonathan F. Jorissen
                                              Daniel P. Malone (P29470)
                                              malone@butzel.com
                                              Jonathan F. Jorissen (P71067)
                                              jorissen@butzel.com
                                              BUTZEL LONG
                                              Stoneridge West
                                              41000 Woodward Avenue
                                              Bloomfield Hills, MI  48304
                                              (248) 258-1616


                                              Attorneys for Defendant
                                              H&R Block, Inc.

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2013, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to:

Adam G. Taub
17200 West 10 Mile Road, Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: <u>adamgtaub@clgplc.net</u>

Daniel A. Edelman
Cathleen M. Combs
Thomas E. Soule
120 South LaSalle Street, Suite 1800
Chicago, IL 60603
Phone: (312) 739-4200
Email: <u>courtecl@edcombs.com</u>

Attorneys for Plaintiffs

/s/ Jonathan F. Jorissen
Daniel P. Malone (P29470)
<u>malone@butzel.com</u>
Jonathan F. Jorissen (P71067)
<u>jorissen@butzel.com</u>
BUTZEL LONG
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, MI  48304
(248) 258-1616

Attorneys for Defendant
H&R Block, Inc.

16